**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Peter William Ruzzo,<br><br>    Petitioner,<br><br>v.<br><br>Ryan Thornell, et al.,<br><br>    Respondents. | No. CV-23-00948-PHX-DJH<br><br>**ORDER** |

    *Pro se* Petitioner Peter William Ruzzo ("Petitioner") has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition") (Doc. 1). On May 8, 2024, United States Magistrate Judge Deborah M. Fine issued a Report and Recommendation ("R&R") recommending that the Petition be dismissed and denied with prejudice without an evidentiary hearing. (Doc. 19 at 35–36). She further recommends that a Certificate of Appealability be denied. (*Id.*) Judge Fine informed the parties they would have fourteen days from the date of service of the R&R to file specific written objections. (*Id.* at 36). Petitioner has filed his Objection (Doc. 22) and Respondents have filed a Reply (Doc. 25). The Court overrules Petitioner's objections and will adopt Magistrate Judge Fine's R&R in its entirety.

**I.    The Petition and R&R**

    Petitioner raises four grounds in his Petition. Judge Fine concludes that Grounds One, Two, and Four were unexhausted but procedurally defaulted, making a stay improper. She also finds that Petitioner has failed to establish a reason to excuse the

procedural defaults of Grounds One, Two, and Four. (*Id*. at 21–19). She further finds that Petitioner waived Grounds One, Two and Four by pleading guilty. (*Id*. at 24–28). As to Ground Three, Judge Fine found that it failed on the merits.

## II. Legal Standards

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court "must review the magistrate judge's findings and recommendations *de novo* if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Indeed, the Court is not required to conduct "any review at all. . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

## III. Petitioner's Objections

Petitioner objects to the finding that Grounds One, Two, and Four are unexhausted and that he has not established cause to excuse any default. (Doc. 22 at 2–3). Petitioner says he "will not argue Ground Four any further" and "cannot and will not claim actual innocence nor a miscarriage of justice." (*Id*. at 2). He also objects to the finding that he waived his right to object to the imposition of his sentence when he plead guilty. (*Id*. at 4).

### A. Exhaustion

Petitioner first objects to the R&R's finding that he did not fairly present his claims to the appropriate state courts. Petitioner says "[w]hile, at every turn, Petitioner did not mention a specific violation, the arguments, legal theory and prose inherently addressed violations of constitutional rights. The initial PCR Petition (Exhibit I; Limited Answer to Petition for Writ of Habeas Corpus) did mention 4th, 5th, 6th and 14th Amendment violations." (Doc. 22 at 3).

As the R&R explained, to meet the exhaustion requirement, a prisoner "must 'fairly present' his claim in each appropriate state court. . . , thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Fair

presentment of claims to the Arizona Court of Appeals requires a description of "both the operative facts and the federal legal theory on which [a] claim is based so that the state courts [could] have a 'fair opportunity' to apply controlling legal principles to the facts bearing upon [the] constitutional claim." *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005) (quoting *Kelly v. Small*, 315 F.3d 1063, 1066 (9th Cir. 2003)). Upon review of the state court records, the Court agrees with the R&R's findings that Petitioner did not fairly present his claims in each appropriate state court.

Petitioner did not cite or analyze any federal constitutional issues in his PCR proceedings related to his claim in Ground One that his Sixth and Fourteenth Amendment rights were violated because the state could not show that he had the requisite scienter to transmit the unlawful images. His PCP Petition and petition for review similarly failed to argue or analyze the basis for his Ground Two claim that a "dangerous crimes against children" designation is a violation of his federal Sixth or Fourteenth Amendment rights. The basis for his Fourth Amendment claim in Ground Four was also unpresented. As the R&R noted, though his PCR petition for review to the Arizona Court of Appeals asserted that "the police possess special investigative software that allows them to connect to devices associated with I.P. addresses," Petitioner did not argue that his Fourth Amendment rights were violated, nor that the use of the tool was a search conducted unlawfully without a warrant. (Doc. 12-3 at 32–33, 38–39). The R&R correctly concluded that these claims were not fairly presented and thus unexhausted. (Doc. 19 at 18–20). Petitioner's objections are overruled.

**B.   Cause and Prejudice to Excuse Procedural Default**

Petitioner also objects to the R&R's finding that he has failed to establish cause and prejudice to excuse these procedurally defaulted claims. A petitioner can establish "cause" excusing a procedurally defaulted claim when he can show "some objective factor external to the defense impeded [his] efforts to comply with the State's procedural rules." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). To show "prejudice," a petitioner must demonstrate that the alleged constitutional violation worked to his "actual

and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982); *Stokley v. Ryan*, 705 F.3d 401, 403 (9th Cir. 2012).

Petitioner says he has established cause because the required standards "are near impossible to meet without a 3 year law degree and west resources" and because the state courts and Magistrate Judge have neglected "to look beyond procedural rules and grounds" so as to understand the bases for his arguments. (Doc. 22 at 3). These circumstances do not establish cause under the existing standards. Typically, a petitioner's *pro se* status and ignorance of the law do not satisfy the cause standard. And the fact that courts apply procedural rules to assess the reviewability of claims is not an external factor showing that Petitioner's efforts were impeded.

Petitioner says he has been prejudiced because "the allegation made by the state that Petitioner was sharing, knowingly, (scienter), cam material was and caused an enduring prejudice." (*Id*.) He says the state's allegation that he shared the images could not be proven beyond a reasonable doubt. (*Id*.) This objection is overruled. As the Respondents point out, the statute under which Petitioner was charged makes knowingly possessing *or* exchanging images a crime of sexual exploitation of a minor. *See* A.R.S. 13-3553(A)(2). The state was not required to establish Petitioner shared the images under the statute. Accordingly, Petitioner cannot show that there was any constitutional violation or that one infected his entire proceedings.

### C. Waiver

Petitioner objects to the finding of waiver in the context of his Count Two claim. Petitioner says he could not have constitutionally entered into a plea for Count Two because the term "dangerous" under the state statute is unconstitutionally vague. (*Id*. at 4). He says because his counsel did not give him notice that "a 'dangerous offense' as stated in A.R.S. § 13-105(13) is necessary to be tried and convicted under A.R.S. § 13-705," it was "factually impossible" for him "to make a sound and informed decision that it would be considered voluntarily or intelligently made." (*Id*.)

Petitioner makes this argument for the first time in his Objection to the R&R. It is therefore improper. *See Barbarin v. Madden*, 2018 WL 6303889, at *1 (C.D. Cal. Nov. 29, 2018) ("[T]he Court is not required to consider evidence, claims, or theories of relief presented for the first time in objections to an R&R."), *aff'd*, 781 F. App'x 654 (9th Cir. 2019). "Just as courts usually do not consider arguments raised for the first time in a reply, . . this Court ordinarily refuses to exercise that discretion to consider claims raised for the first time in objections to an R&R." *Id.* (internal quotations omitted). This is especially so where the Court has found that Count Two is procedurally defaulted without excuse.

Accordingly,

**IT IS ORDERED** Petitioner's Motion for Status Update (Doc. 27) is **granted**.

**IT IS FURTHER ORDERED adopting** the May 8, 2024, Report and Recommendation (Doc. 19) as the Order of this Court. Petitioner's objections are **overruled** and the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition") (Doc. 1) is **denied without an evidentiary hearing.** Petitioner's request for a Certificate of Appealability is also **denied**.

**IT IS FINALLY ORDERED** that the Clerk of Court shall terminate this action and enter judgment accordingly.

Dated this 24th day of November, 2025.

Honorable Diane J. Humetewa
United States District Judge